WILLIAM S. CROW, PLAINTIFF IN ERROR, v. ADNA H. BOWEN, DEFENDANT IN ERROR.

County Courts: JURISDICTION. County courts have no jurisdiction to hear and determine actions brought against officers for the penalty imposed by section 34, chapter 28, Compiled Statutes of 1885, for taking illegal fees.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*John M. Ragan,* for plaintiff in error.

*Adna H. Bowen, pro se.*

REESE, J.

The only question presented for decision in this case is, whether or not the county court has jurisdiction in an action against an officer for the penalty provided by section 34 of chapter 28 of the Compiled Statutes of 1885. This section is as follows:

"If any officer whatever, whose fees are hereinbefore expressed and limited, shall take greater fees than are so hereinbefore limited and expressed, for any service to be done by him in his office, or if any such officer shall charge or demand and take any of the fees hereinbefore ascertained and limited, where the business for such fees are chargeable shall not be actually done and performed, such officer shall forfeit and pay to the party injured fifty dollars, to be recovered as debts of the same amount are recoverable by law."

It is provided by section 2 of chapter 20, Id., that county judges shall not have jurisdiction "in any action against officers for misconduct in office, except where like proceedings can be had before justices of the peace." The exception referred to is contained in the ninth subdivision of section 905 of the civil code, which gives to justices of the peace jurisdiction "to proceed against constables failing to make return, making false return, or failing to pay over money collected on execution issued by such justice." It therefore appears that by these sections neither the county court nor justices of the peace (under the provisions of section 907 of the civil code) have any jurisdiction in actions against officers for misconduct in office, and if the facts alleged constitute misconduct in office then this action cannot be maintained, unless the jurisdiction is given by the last clause of section 34 above quoted, which is, "to be recovered as debts of the same amount are recoverable by law."

To our mind this does not give the jurisdiction. It

simply provides the *manner* in which such actions may be prosecuted. The jurisdiction or power to hear such cases is withheld by the law giving county courts jurisdiction in civil cases, and there is nothing in section 34 which confers it. That the collection of exorbitant and illegal fees by an officer by virtue of his office is "misconduct in office," is self-evident, and, as we understand it, is conceded by defendant in error; his only contention being, that the clause quoted from section 34 confers the jurisdiction.

As this action was instituted in the county court, it follows that it was without jurisdiction, and that the decision of the county judge dismissing the case was correct. The judgment of the district court reversing the decision of the county court is reversed and the cause is dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.